IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>SHERIFF BRYAN HUTCHESON, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:23-cv-00286<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Tarun Kumar Vyas, a Virginia inmate proceeding *pro se*, filed a civil rights complaint alleging several claims against several defendants, stemming from events that allegedly occurred at the Rockingham-Harrisonburg Regional Jail, where he is housed. *See Vyas v. Hutcheson*, Civil Action No. 7:23-cv-00269 (W.D. Va.) On May 19, 2023, the court issued an opinion and order severing Vyas' claims into separate lawsuits (Dkt. No. 1-3), one of which is the above-captioned matter, wherein Vyas alleges that two defendants, Sheriff Bryan Hutcheson and Christopher Bean, failed to comply with his Freedom of Information Act (FOIA) requests, in violation of the federal FOIA, Virginia FOIA, and the federal Privacy Act. (*See* Compl. at 10–12, Dkt. No. 1.)

This matter is before the court for review pursuant to 28 U.S.C. § 1915A. Before conducting its review, the court will address three pending motions filed by Vyas: a motion to reconsider (Dkt. No. 9) and two motions to amend his complaint (Dkt. Nos. 10, 13).

I. PENDING MOTIONS

On June 12, 2023, the court issued an opinion and order granting in part and denying in part Vyas' motion seeking joinder of certain claims and defendants. (Dkt. No. 7.) The court granted the motion to the extent it sought consolidation of the claims in Case Nos. 7:23-cv-00287

and 7:23-cv-00288 and denied the motion in all other respects. (*Id.* at 4.) Vyas moves to reconsider, arguing that this case should be joined with the '287 case because he anticipates that defendants will raise failure to exhaust as an affirmative defense in both cases. This is not a sufficient justification to reconsider and to order consolidation. This motion will therefore be denied.

In his first motion to amend, Vyas seeks to change his requested relief against Hutcheson and Bean. (Dkt. No. 10.) In his second motion to amend, Vyas seeks to add as defendants "all the deputies, corporals, sergeants and lieutenants who either answered kiosk messages, answered request forms or answered grievances—regarding the FOIA and PA request concerning the classification data." (Dkt. No. 13 at 2.) Neither suggested amendment would remedy the defects in these claims, discussed below. Therefore, the court will deny the motions to amend as futile.

II.  28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Vyas' complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed

pursuant to 28 U.S.C. § 1915A(b)(1).

The Federal Freedom of Information Act, 5 U.S.C. § 552, "requires federal agencies to make their internal records available to the public upon request." *Zappin v. Ramey*, Case No.:3:22-cv-00080, 2022 WL 19029807, at *22 (S.D.W. Va. Oct. 27, 2022) (citing *Coleman v. DEA*, 714 F.3d 816, 818 (4th Cir. 2013)). Federal FOIA "does not apply to state or local entities." *Id.* Therefore, Vyas cannot state a federal FOIA claim against defendants Hutcheson or Bean. Similarly, the federal Privacy Act, 5 U.S.C. § 552a, is "specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999); *Ricks v. Murphy*, No. A-10-CA-185-LY, 2010 WL 2246287, at *4 (W.D. Tex. June 3, 2010) ("Plaintiff does not have a viable claim under the Federal Privacy Act . . . because all his Privacy Act allegations are against state actors."). Thus, Vyas cannot state a claim against these defendants under the Privacy Act.

Finally, as for his claim that defendants violated his rights under Virginia's FOIA, this statute "excludes all persons incarcerated in any state, local, or federal correctional facility from enjoying any of the rights afforded under VFOIA to make requests for public records." *Giarratano v. Johnson*, 521 F.3d 298, 301 (4th Cir. 2008) (citing Va. Code § 2.2-3703(C)); *Melby v. Morgan*, 2022 WL 17852781, at *6 ("[T]he Virginia FOIA specifically excludes incarcerated felons . . . from having any rights under the Act."). This provision has withstood constitutional challenge. *See Giarratano*, 521 F.3d at 305 (finding that VFOIA's prisoner exclusion provision did not violate equal protection). Accordingly, Vyas cannot state a claim for violation of Virginia's FOIA.

## III.  CONCLUSION

For the foregoing reasons, the court will deny Vyas' motion to reconsider consolidation and deny his motions to amend his complaint.  Because any amendment would be futile, the court will also summarily dismiss Vyas' claims with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: September 21, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge